UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny M. Vanover, Jr., ) | C/A No. 3:11-2836-DCN-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Officer R. Cropp, *Richland County Sheriff Department*; ) | |
| Investigator David Unger, *Richland County Sheriff Department*, ) | |
| ) | |
| Defendants. ) | |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina. The two Defendants are employed by the Richland County Sheriff's Department.

The above-captioned case arises out of a domestic dispute between Plaintiff and his "common law" spouse. Plaintiff had been arrested for assault upon a police officer. The Public Index for the Richland County Clerk of Court website, *see* http://www4.rcgov.us/publicindex/PICaseDetails.aspx?County=40+&Casenum=2009GS4004573&CourtType=G&CaseType=Criminal&CourtAgency=40001&LastName=Vanover&FirstName=Johnny (last visited Oct. 27, 2011), reveals that this charge is Indictment No. 2011-GS-40-01227, which was true billed on March 10, 2011.[1] According to Plaintiff, his common law wife posted the

---

[1]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consol. Litig.*, 533
(continued...)

bond. While out on bond, Plaintiff and his common law wife got into an argument, during which Plaintiff "went and grab[b]ed" his shotgun. During the altercation, Plaintiff's common law wife pulled the trigger on the shotgun. As a result of the incident, Plaintiff was charged with two counts of attempted murder on January 27, 2011. The attempted murder charge was trued billed as Indictment No. 2011-GS-40-01228, along with Indictment No. 2011-GS-40-01229 (pointing and presenting a firearm) issued on the same day.[2]

Plaintiff contends that the two charges of attempted murder were not valid, that his court-appointed public defender has failed to protect his rights, and that no gun residue was found on Plaintiff. Plaintiff also complains about the actions of Judge Caroline Streater, who is a county magistrate for the Magistrate Court for Richland County. In his prayer for relief, Plaintiff seeks a federal investigation, a jury trial, a judgment of $50,000 for Defendants' violation of "clearly established" laws, and his freedom.

---

(...continued)
F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2]The Public Index shows an unrelated pending charge of assault and battery of a high and aggravated nature (ABHAN), Indictment No. 2009-GS-40-04573, which was true billed on June 19, 2009.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Supreme Court of the United States in *Wallace v. Kato*, 549 U.S. 384 (2007), held that the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to pre-trial detainees raising false arrest claims. Hence, the above-captioned case is not barred by the holding in *Heck v.*

*Humphrey*. Nevertheless, the issuance of the Grand Jury Indictments for attempted murder (No. 2011-GS-40-01228) and pointing and presenting a firearm (No. 2011-GS-40-01229) is affirmative evidence of probable cause sufficient to preclude any claim for false arrest. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *affirmed*, 225 F.3d 648 (3rd Cir. 2000); *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849 (D.S.C. June 25, 2007).

Plaintiff cannot obtain a criminal investigation or criminal charges against Defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts.").

Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the

4

criminal prosecution of other persons. *Leeke v. Timmerman*, 454 U.S. at 86-87. In its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* Id. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).

Plaintiff cannot obtain his "freedom" in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 28, 2011                                   Joseph R. McCrorey
Columbia, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).